IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENZEL KYRESE GATES, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25 -7012 |
| | : | |
| STATE BOARD OF PAROLE, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

HODGE, J.                                                          FEBRUARY 20, 2026

*Pro se* Plaintiff Denzel Kyrese Gates brings this civil action pursuant to 42 U.S.C. § 1983 asserting constitutional violations arising from his arrest on alleged parole violations and subsequent detention in two state prisons.  He also seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Gates leave to proceed *in forma pauperis* and dismiss his Complaint.

## I.    FACTUAL ALLEGATIONS[1]

On August 26, 2015, Gates was convicted of robbery following a jury trial in the Philadelphia Court of Common Pleas and sentenced to 4 to 12 years in state prison.  *See Commonwealth v. Gates*, CP-51-CR-0008486-2014 (C.P. Philadelphia).  He was released on parole on June 22, 2024. (ECF No. 5 at 1.)  On August 14, 2025, parole agents of the Pennsylvania

---

[1] The facts set forth in this Memorandum are taken from Gates's Complaint (ECF No. 1) and two exhibits filed separately (ECF Nos. 4, 5), which the Court considers together to comprise the Complaint.  The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.  Additionally, the Court includes facts reflected in publicly available state court records, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).  Where appropriate, grammar, spelling, and punctuation errors in Gates's pleading will be corrected for clarity.

Department of Corrections ("DOC"), acting on a warrant from the Philadelphia Police Department and information that Gates had absconded from his approved reentry facility, arrested Gates at a residence in Philadelphia. (ECF No. 4 at 7.) He was detained at SCI Chester and charged with two parole violations: 1) unauthorized change of address; and 2) failure to successfully complete his approved reentry program. (*Id*. at 1.)

At his preliminary hearing at SCI Chester on August 29, 2025, Gates requested a continuance to September 3, 2025, which was granted. (Compl. at 4; ECF No. 4 at 5). After the preliminary hearing, Gates was transferred to SCI Fayette. (ECF No. 4 at 6.) At his violation hearing at SCI Fayette on October 14, 2025, Gates was represented by Gregory Kunkel, an attorney from the Fayette County Public Defender's Office. (*Id*.) Kunkel and a parole agent representing the DOC jointly requested a continuance to November 10, 2025, which was granted. (*Id*.; *see also* Compl. at 4). On November 10, 2025, hearing examiner Andrew Bevec conducted Gates's parole violation hearing, found Gates not guilty of the two charged parole violations, and released him back on parole. (ECF No. 4 at 1–2.)

Gates contends that he was arrested on "false charges" and wrongly detained for months simply to make money for the DOC and the two public defender's offices ("PDOs") assigned to represent him. (Compl. at 4–5.) He asserts that his assigned attorneys and the Board of Parole failed to collect or provide him the evidence he requested for his defense. (*Id*.) He also contends that one or both of the PDOs that assisted him were deficient in their representation because they would only meet with him on the day of his hearing and would rotate deputy public defenders from one hearing to the next, although he concedes that these practices were "mandatory" or required by DOC policy. (*Id*. at 4.) He also asserts that the hearing examiner at his violation hearing "shushed" him and his witnesses and refused to let them testify. (*Id*. at 5.) Based on these

allegations, Gates asserts claims under § 1983 for violation of his rights to due process, equal protection, and being "innocent until proven guilty." (*Id*. at 3.)

Gates names as Defendants (1) the Commonwealth of Pennsylvania; (2) the Pennsylvania Parole Board[2]; (3) the Chester County PDO; (4) the Fayette County PDO; and (5) the Hearing Examiner Office of the Pennsylvania Parole Board. (*Id*. at 3.)  As relief for his claims, he requests: (1) "the Court to sue State Parole in Harrisburg again . . . [and] take away their Jurisdiction and give it to me so I can run it better than them . . ."; (2) "that TPV[3] units be shut down . . . due to the fact that I seen how they are violating some innocent people to get free money from their government system supplying them"; (3) "that all of the TPV statuses be released on the ankle monitor program . . ."; (4) $1 million in damages each against the State Parole Board, the DOC Hearing Examiner's Office, and the Fayette County PDO; (5) that he be reimbursed for every day that he "spent incarcerated illegally" plus $1 billion from the Commonwealth of Pennsylvania; (6) that "the Public Defenders Office . . . step down from their jurisdiction [on] this Earth immediately and forever"; (7) that "everyone that I ask to resign, that I be the new head boss of their operations" so that he can "put a new governmental system in the place of [the] Commonwealth of Pennsylvania"; (8) that "every inmate released from under the TPV status be reimbursed for every day spent incarcerated illegally . . ."; and (9) that he be "exonerated immediately from state parole jurisdiction and DOC and Commonwealth of Pennsylvania system." (*Id*. at 7.)

## II.    STANDARD OF REVIEW

The Court will grant Gates leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C.

---

[2] Gates refers in the Complaint to the "State Parole Board," which the Court understands to be a reference to the Pennsylvania Parole Board.

[3] The Court infers that Gates is referring to technical parole violations.

§ 1915(e)(2)(B)(ii) requires the Court to dismiss Gates's Complaint if it fails to state a claim.  The Court applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), that is, whether a complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in the Plaintiff's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim."   *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *See Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue.").

As Gates is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.*  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245).  An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

### III.   DISCUSSION

Gates asserts violations of his constitutional rights.   The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the

United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law.").

### A.   Claims Against Public Defender's Offices

Gates asserts claims under § 1983 against the Chester County and Fayette County PDOs based on his allegation that attorneys from those offices provided him ineffective representation in his parole violation proceedings. However, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted). This includes representing a defendant in parole revocation proceedings. *See, e.g.*, *Russell v. Pennsylvania*, No. 23-2420, 2023 WL 6465391, at *6 (E.D. Pa. Oct. 4, 2023). Public defender's offices, like the attorneys they employ, are also not state actors subject to suit under § 1983. *See Dorn v. Aguilar*, 645 F. App'x 114, 115 (3d Cir. 2016) (*per curiam*) ("As explained by the District Court, Dorn did not state a claim for relief against his public defender and the public defender's office because neither is a state actor for purposes of § 1983."); *see also Gannaway v. PrimeCare Med., Inc*, 652 F. App'x 91, 95 (3d Cir. 2016) (*per curiam*) ("We also conclude that the District Court properly granted summary judgment to the defendants on Gannaway's claims against the Berks County Public Defender's Office and the appointed lawyers who represented him in criminal proceedings" (citing *Polk Cnty.*)). Accordingly, because the Chester County and Fayette County PDOs are not

state actors, Gates's § 1983 claims against them are not plausible and will be dismissed with prejudice.[4]

### B.      Claims Against the Commonwealth and its Entities

Gates names as defendants the Commonwealth of Pennsylvania, the Pennsylvania Parole Board, and the Hearing Examiners Office of the Pennsylvania Parole Board.  However, states are not considered "persons" for purposes of § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65–66 (1989).  Furthermore, the Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages.  *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003); *see also Goodman v. McVey*, 428 F. App'x 125, 127 (3d Cir. 2011) (*per curiam*) (holding that § 1983 claims against Pennsylvania Parole Board were properly dismissed on Eleventh Amendment immunity grounds).  The Commonwealth of Pennsylvania has not waived that immunity.  *See* 42 Pa. Cons. Stat. § 8521(b).  Accordingly, the claims for money damages Gates seeks to assert against the Commonwealth of Pennsylvania and its agencies are dismissed with prejudice.

Gates also seeks non-monetary relief against the Commonwealth and its agencies, including: (1) revoking the Pennsylvania Parole Board's jurisdiction and transferring it to Gates; (2) shutting down the DOC's TPV operations; (3) releasing all individuals currently subject to ankle monitors under the TPV program; and (4) making him the head of unspecified

---

[4] The Court also notes that there are no facts alleged in the Complaint regarding the actions of the Chester County PDO or any attorney from the Office.  Thus, in addition to the state actor issue discussed above, Gates's claims against the Chester County PDO are not plausible for the additional reason that Gates does not allege the involvement of the Office or its attorneys in any violations of his rights.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable).

Commonwealth agencies.  (Compl. at 6.)  There is no legal basis for granting such extraordinary relief under § 1983.[5]  *See, e.g.*, *Newton v. Fam. Court of Phila.*, No. 25-915, 2025 WL 992689, at *2 (E.D. Pa. Apr. 2, 2025) (dismissing with prejudice litigant's claims for injunctive relief seeking to "put the Court houses in Pennsylvania, New Jersey, and Puerto Rico in foreclosure" and "abolish the Family Court house Domestic Relationship Division" because such relief is unavailable in a § 1983 action).  Also, Gates may not seek relief on behalf of others.  *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007).

He also asks to be "exonerated" from "state parole jurisdiction and [the] DOC and Commonwealth of Pennsylvania system."  (Compl. at 7.)  The Court understands Gates to be requesting early release from his remaining term of parole, relief that cannot be sought in a § 1983 action.  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," rather than a § 1983 action (citing *Preiser*, 411 U.S. at 500)); *see also Johnson v. Mondrosch*, 586 F. App'x 871, 873–74 (3d Cir. 2014) ("It is clear that a person on parole remains 'in custody' for purposes of habeas corpus") (citing *Jones v. Cunningham*, 371 U.S. 236, 243 (1963)).  Because Gates cannot seek any of the specified relief

---

[5] Gates also requests to shut down an unspecified public defender's office.  (Compl. at 7.)  The Court has no authority to provide such relief.

through a § 1983 action, any attempt to amend his § 1983 claims would be futile, and his claims for injunctive relief are dismissed with prejudice.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Gates leave to proceed *in forma pauperis* and dismiss the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal will be with prejudice because the Court finds that any attempt at amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (stating that complaints dismissed under the Prison Litigation Reform Act should be with leave to amend "unless amendment would be inequitable or futile").  An appropriate Order follows.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**
**KELLEY BRISBON HODGE, J.**